UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN THOMAS GOFF, | CASE NO. 1:21-cv-315 |
| PLAINTIFF, | JUDGE J. PHILIP CALABRESE |
| vs. | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | |
| DEFENDANTS. | |

**OPINION AND ORDER**

*Pro se* Plaintiff John Thomas Goff, a prisoner in the Grafton Correctional Institution ("GCI"), filed this civil rights complaint against GCI's Warden Keith Foley, Chaplain Ronald Smith, Ohio Department of Rehabilitation and Corrections ("ODRC") Director Annette Chambers-Smith, ODRC Religious Services Director Michael Davis, and "DWSS" Steven Reynolds. (ECF No. 1.)

In his brief complaint, Plaintiff asserts he "applied for religious accommodation for the observance of a Passover seder 8, October 2019." (*Id.* at 3.) He does not clearly identify the "religious accommodation" for which he applied. He states only that "[t]he request stipulated that due to the lack of affiliation with the accepted Jewish Rabbi who is permitted to provide ceremonial items for Jewish inmates, the rabbi would not provide those same items for [him]" and that "[a] request [was made] for the Department of Corrections to provide a vendor for those items so [that] interested inmates may purchase their own items for private, in cell observance of Passover." (*Id.*) Accordingly, it appears the accommodation the plaintiff requested was that he

and other inmates not recognized by the visiting Rabbi be provided a private vendor from which they could purchase religious items.

Plaintiff asserts the "same request" was made, and denied, in three previous years and that he sent a letter to Defendant Chambers-Smith on December 6, 2019 "notifying her that there was significant reason to believe [that his] request would again be denied." (*Id*. at 3-4.) He then states: "A Response was made on 1/27/2020 signed by Chaplain Ronald Smith which stated that [Smith] did not recommend approval of [the] accommodation. Signers included Chaplain Smith, DWSS Steven Reynolds, and Warden Keith Foley." (*Id*.) Finally, he states that "[a]n appeal was timely filed on February 23, 2020, for which no reply from the Religious Services Director Dr. Michael Davis has ever been received." (*Id*.)

On its face, Plaintiff's complaint does not allege any specific legal claim or claims against each of the defendants arising from these allegations. The civil cover sheet he filed with his complaint indicates he asserts a cause of action for "Denial of equal access to religious accommodation" under the "Equal Protection and Due Process clauses of the 1st and 14th Am[endments]" and the Religious Land Use for Institutionalized Persons Act. His complaint sets forth the following request for relief:

> The provision of access by all inmates to their designated religious practice. Access to all of the already approved items for every religion to success in proper practice of their religion. If the State will not provide those items, vendors and free access to them should be provided for all prisoners, their families and outside religious organizations wishing to donate needed items should not be impinged. The office of Chaplain should be abolished and the name changed to 'Religious Service Provider,' to more correctly communicate the office holders, their job task responsibilities, and to avoid such defenses as Chaplain Smiths denial that is not his job. Ceasing the need for outside approval to practice one's own religion. Ceasing the denial of religious accommodations which are approved for others. A moderate standard be set of $5,000.00 for each infraction now and in the future.

(*Id*. at 5.[1])

## STANDARD OF REVIEW

Plaintiff's application to proceed *in forma pauperis* has been granted by separate order. Therefore, his complaint is now before the Court for initial screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes expressly require federal district courts to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which a prisoner seeks redress from governmental employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). *Pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but even a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face to survive dismissal. *See Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies to review of *pro se* prisoner cases under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,'. . . it asks for more than a sheer possibility that a defendant has acted unlawfully."

---

[1] Plaintiff also indicates that his action is related to a prior case he filed in federal court against some of the same defendants here, in which he complained that he was denied a religious accommodation in 2017 with respect to kosher food. His prior case was dismissed on September 12, 2018, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and Rule 12(b)(6). *See Goff v. Warden Lashann Eppinger*, No. 1: 18 CV 671 (N.D. Ohio) (Gwin, J.).

*Id*. (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Further, a complaint may be dismissed for failure to state a claim if it fails to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Upon review, the Court finds that the Plaintiff's complaint must be dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

As an initial matter, there is no vicarious liability in actions asserting federal civil rights violations under 42 U.S.C. § 1983. To state a claim under Section 1983 for the violation of a civil right, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Liability must be based on each defendant's own "active unconstitutional behavior." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). The plaintiff must allege facts suggesting that each defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the [challenged action]." *Id.*

Here, even if the Court liberally construes Plaintiff's complaint as asserting claims under Section 1983,[2] he has not alleged facts sufficient to demonstrate the personal involvement of any Defendant other than Chaplain Smith in the misconduct he alleges, *i.e.*, the non-approval of his claimed accommodation request.

---

[2] Section 1983 is the means by which a plaintiff may seek relief for the deprivation of rights secured by the Constitution or laws of the United States. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

4

The only allegation the plaintiff makes as to Defendants Chambers-Smith and Davis is that Chambers-Smith failed to respond to his December 2019 letter and Davis did not reply to his appeal. These allegations are insufficient to impose liability on supervisory employees. The Sixth Circuit has clearly stated that "[t]he 'denial of administrative grievances or the [mere] failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). The only allegation Plaintiff sets forth as to Defendants Reynolds and Foley is that they were "signers" on Chaplain Smith's non-approval of his alleged accommodation request. But this allegation alone is also insufficient to impose liability. That Reynolds and Foley were "signers" is insufficient to permit a plausible inference that they were actively involved, or played more than merely "a passive role," in Chaplain Smith's decision.

Accordingly, any claim under Section 1983 the plaintiff is asserting against Defendants Foley, Chambers-Smith, Davis, and Reynolds is subject to dismissal. *See Cardinal v. Metrich*, 564 F.3d 794, 803 (6th Cir. 2009) (affirming grant of summary judgment on a Section 1983 claim against a prison warden where there was no allegation that the warden was "actively involved in the denial of kosher food").

Further, the plaintiff's allegations are insufficient to state any plausible claim under RLUIPA or the First and Fourteenth Amendments against any Defendant in any case.

The Free Exercise Clause of the First Amendment provides that Congress shall make no law prohibiting the free exercise of religion. *See Cantwell v. Connecticut*, 310 U.S 296, 303 (1940). Prisoners do not lose the right to free exercise of their religion by virtue of their incarceration, but that right is subject to reasonable restrictions and limitations. *See Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). To establish a free exercise First Amendment claim,

5

a plaintiff must initially show that the belief or practice he seeks to protect is religious in his "own scheme of things"; his belief is sincerely held; and the defendant's behavior infringes upon the practice or belief. *See Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987) "[T]he touchstone for determining whether a religious belief is entitled to free-exercise protection is an assessment of whether the beliefs professed. . . are *sincerely held*, not whether the belief is accurate or logical." *Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010).

Similarly, under RLUIPA, the focus is on the sincerity of the prisoner's professed religious belief.[3] *See id*. (citing *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (citations omitted)). "In order to state a claim for a RLUIPA violation, an inmate must allege that his 'request for an accommodation [is] sincerely based on a religious belief' and that the defendant's 'policy substantially burdened that exercise of religion.'" *Crawford v. Core Civic*, No. 3:18-CV-00800, 2019 WL 1440288, at *2 (M.D. Tenn. Mar. 29, 2019) (quoting *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015)).

"[T]he 'mere assertion of a religious belief does not automatically trigger First Amendment protections. To the contrary, only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protections.'" *Hernandez v. Pugh*, No. 4:12CV2040, 2013 WL 30194, at *2 (N.D. Ohio Jan. 2, 2013) (quoting *Dehart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000) (en banc)).

To the extent Plaintiff purports to assert claims under the Free Exercise Clause of the First Amendment and RLUIPA, his complaint fails to state a plausible claim because the statements and allegations he sets forth in his pleading do not permit a plausible inference that

---

[3] RLUIPA provides in relevant part that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a

the accommodation he requested was based on his sincerely-held religious belief. In fact, his pleading suggests the opposite. The plaintiff does not make any specific allegation as to his religious beliefs or his belief system (indeed, he does not even specifically allege in his complaint that he is Jewish), and he specifically alleges that the visiting Rabbi authorized to provide ceremonial items to Jewish inmates does not recognize him. The Court cannot draw the reasonable inference from the allegations the plaintiff makes that his request to obtain ceremonial items for Passover from an outside vendor derives from a sincerely held religious belief. For this reason, his complaint fails to state plausible claims under both the Free Exercise Clause of the First Amendment and RLUIPA. *See Hernandez v. United States*, No. 4:11 CV 1737, 2011 WL 5971028, at *4-5 (N.D. Ohio Nov. 28, 2011) (dismissing First Amendment and RFRA claims regarding the service of kosher food on the grounds that plaintiff made no allegations regarding his own belief system or allege that his desire for kosher food was based on sincerely-held religious belief); *see also Davismoore v. Davis*, No. 1:18 CV 1468, 2019 WL 1558679, at 3-4 (N.D. Ohio Apr. 10, 2019) (dismissing First Amendment and RLUIPA claims on the same grounds on initial screening).

Additionally, Plaintiff's complaint is subject to dismissal to the extent he purports to assert claims under the Equal Protection and Due Process Clauses of the Fourteenth Amendment. The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). "The 'threshold element of an equal protection claim is disparate

---

compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a).

treatment[.]'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006)); *see also Ervin v. Davis*, No. 2:16-cv-186, 2017 WL 2573251, at *4 (S.D. Ohio June 14, 2017) ("In order for the actions of prison officials to rise to the level of a violation of the Equal Protection Clause, a prisoner must show that he or she was treated differently than similarly situated prisoners and that there was no rational basis for the difference in treatment.").

Other than his own unclear and purely conclusory statement in his request for relief that he seeks an order "[c]easing the denial of religious accommodations which are approved for others," Plaintiff does not set forth any factual allegations in his pleading plausibly suggesting he was subjected to disparate treatment. Because he has not alleged facts from which a plausible inference can be drawn that he was treated differently from any other similarly situated inmate with respect to a similar accommodation request, his complaint fails to state a plausible equal protection claim.

Plaintiff's complaint sets forth no specific allegations regarding a constitutional due process claim. He does not state whether he asserts a procedural due process claim, a substantive due process claim, or both, and his complaint is devoid of allegations as to a basis for such a claim. The liberal construction afforded *pro se* pleadings does not require courts to conjure unpled allegations for *pro se* plaintiffs or to "guess at the nature" of their claims. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To the extent the plaintiff purports to assert a violation of his constitutional due process rights, his complaint fails to meet basic pleading requirements or set forth allegations sufficient to state a plausible claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (in the context of a civil rights claim,

conclusory allegations of unconstitutional conduct without specific factual allegations fail to state claim under § 1983; some factual basis for such claims must be set forth in pleadings).

## CONCLUSION

For all of the foregoing reasons, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: June 4, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio